IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>         Plaintiff,<br><br>v.<br><br>WEBER COUNTY GOVERNMENT, et al.,<br><br>         Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:11-cv-00128-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

### I.      INTRODUCTION

This matter was referred to the Court under 28 § U.S.C. 636(b)(1)(B).  The Court considers *pro se* Plaintiff's motion for leave file a second amended complaint.  (Docket No. 17.)  The Court also considers Plaintiff's request to remand/overturn this Court's previous decision to deny appointed counsel.  (Dkt. No. 21.)  The Court treats the latter request as a motion to reconsider. For the reasons below, the Court **GRANTS** Plaintiff's motion to amend, but **DENIES** his motion to reconsider.

### II.     STANDARD OF REVIEW FOR AMENDING COMPLAINTS

A party may amend a pleading once, as a matter of course: (1) within twenty-one days after serving it; or (2) within twenty-one days after an opposing party serves a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)-(B).  "In all other cases," a party may amend a pleading "only with the opposing party's written consent or the court's leave."  Id. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.

### III.    PLAINTIFF'S MOTION TO FILE SECOND AMENDED  COMPLAINT

On August 23, 2011, Plaintiff filed a complaint alleging Defendants violated his civil rights. (Dkt. No. 5.)  On December 27, 2011, Plaintiff filed a motion to amend his complaint to supplement factual allegations against Defendant Jon Greiner.  (Dkt. No. 9.)

On April 25, 2012, Magistrate Judge Samuel Alba recommended the District Court grant plaintiff's motion to amend.  (Dkt. No. 11.)  However, Magistrate Judge Alba also recommended numerous claims and Defendants be dismissed from Plaintiff's complaint.  (Id. at 15-16.)

Before the District Court ruled on the recommendation, Plaintiff filed his first amended complaint.  (Dkt. No. 12.)  It supplements factual allegations against Defendant Greiner.  (Id. at 36-37.)  It also complies with some, but not all, of Magistrate Judge Alba's recommendations to dismiss certain claims and Defendants.  (See generally Dkt. No. 12.)[1]

On July 18, 2012, District Court Judge Dee Benson adopted Magistrate Judge Alba's recommendation.  (Dkt. No. 16.)  On July 31, 2012, Plaintiff filed his second motion to amend his complaint.  (Dkt. No. 17.)[2]  Plaintiff seeks to submit a second amended complaint that adheres to District Court Judge Benson's July 18, 2012 order.  (Id. at 1.)  That is, the second amended complaint dismisses the claims and Defendants District Judge Benson ordered be dismissed.  (Id. at 5-37.)  Because Plaintiff's motion complies with District Court Judge Benson's order, this Court **GRANTS** it.  (Dkt. No. 17.)

---

[1] For instance, Magistrate Judge Alba recommended Plaintiff's Miranda v. Arizona claim be dismissed.  (Dkt. No. 11 at 15.)  However, Plaintiff retained this claim in his first amended complaint.  (Dkt. No. 12 at 32-34.)

[2] The Court originally docketed this motion as a "correspondence."  However, on April 17, 2013, the Court changed the event to a motion.

IV.     STANDARD OF REVIEW FOR MOTION TO APPOINT COUNSEL

Civil litigants lack a Sixth Amendment right to counsel.  See Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006); MacCuish v. United States, 844 F.2d 733, 735 (10th Cir. 1988).  However, in its discretion, a district court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); Johnson, 466 F.3d at 1217.  The party requesting counsel bears the burden "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the court should consider numerous factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted).  A district court's decision to deny counsel "will not be overturned unless it would result in fundamental unfairness impinging on due process rights."  Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991) (quoting Maclin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981)).

V.      PLAINTIFF'S REQUEST/MOTION TO RECONSIDER DENIAL OF
        APPOINTED COUNSEL

On August 23, 2011, District Judge David Nuffer granted Plaintiff's motion for leave to proceed *in forma pauperis*.  (Dkt. No. 2.) The same day, Plaintiff filed his first motion to appoint counsel.  (Dkt. No. 4.)  On March 8, 2012, Magistrate Judge Alba denied the same because he needed to screen Plaintiff's complaint.  (Dkt. No. 10.)  After screening the complaint, on April 25, 2012, Magistrate Judge Alba recommended reaffirming his denial.  (Dkt. No. 11 at 15.)  On July 18, 2012, District Judge Benson adopted Magistrate Judge Alba's recommendation. (Dkt. No. 16 at 2.)

On May 10, 2012, Plaintiff filed his second motion to appoint counsel.  (Dkt. No. 15.)[3]  He argued the Constitution entitled him to counsel under Maclin.  (Id.)  On November 9, 2012, this Court denied the motion.  (Dkt. No. 20.)  On March 27, 2013, Plaintiff submitted a request to "remand/overturn" the denial.  (Dkt. No. 21 at 2.)  He again argued a constitutional right to counsel under Maclin.  (Id.)  The Court treats this request as a motion to reconsider, and discusses it below.

Plaintiff's claims against Defendants contain enough merit to have survived the screening process at 28 U.S.C. § 1915(e)(2).  (Dkt. No. 17 at 5-37.)  While the claims appear somewhat complex, Plaintiff's detailed amended complaint demonstrates his "firm grasp of the fundamental issues in his case," and shows he is "capable of presenting his case intelligently and coherently."  See Rucks, 57 F.3d at 978 (affirming denial to appoint counsel for these reasons).  Moreover, other than his indigence, Plaintiff appears fully able to participate in discovery, and prosecute his lawsuit without an attorney.  Compare McCarthy, 753 F.2d at 838-40 (reversing denial to appoint counsel where *pro se* plaintiff was confined to a wheelchair, and suffered from poor eyesight, as well as poor hearing, memory lapses, and a speech impediment).  Plaintiff's reliance on Maclin does not alter this analysis because the case simply lists discretionary factors a court should consider when deciding a motion to appoint counsel.  Maclin, 650 F.2d at 887-89.  Accordingly, the Court **DENIES** Plaintiff's motion to reconsider the Court's previous denial of appointed counsel.  (Dkt. No. 21.)

**VI.    ORDERS**

For the reasons discussed above, the Court issues the following **ORDERS**:

---

[3] On August 27, 2012, Plaintiff filed a correspondence entitled "Motion for renewal to request appointment of counsel."  (Dkt. No. 18.)  The Court considers this correspondence in this decision.

The Court **GRANTS** Plaintiff's motion to file a second amended complaint. (Dkt. No. 17.) Under DUCivR 15-1,[4] Plaintiff must file his second amended complaint with the Court on or before **May 17, 2013**. It must comply with the filing requirements at DUCivR 5-1(b).[5]

The Court **ORDERS** that the United States Marshal serve a copy of Plaintiff's summons and second amended complaint upon the following Defendants, in their individual capacity, under Fed. R. Civ. P. 4(e): Timothy Scott, K. Murray, Terry L. Thompson, Kevin McCleod, Kevin Burton, R. West, R. Johnson, R. Gates, A. Flatt, Jon Greiner, John Doe Officer #1, and John Doe Officer #2. All costs of service shall be advanced by the United States.[6]

The Court **DENIES** Plaintiff's motion to reconsider the Court's previous denial of appointed counsel. (Dkt. No. 21.)

Dated this 3rd day of May, 2013.

By the Court:

Dustin B. Pead
United States Magistrate Judge

---

[4] DUCivR 15-1 dictates that "[p]arties moving . . . to amend a complaint must attach the proposed amended complaint as an exhibit to the motion for leave to file. A party who has been granted leave to file must subsequently file the amended complaint with the court. The amended complaint filed must be the same complaint proffered to the court . . . ."

[5] DUCivR 5-1(b) requires Plaintiff to file his complaint "with the clerk at the office of record in Salt Lake City" in one of four ways: (1) in person during business hours; (2) in the twenty-four hour filing box located on the court's south porch; (3) by mail; or (4) through the court's electronic filing system. Moreover, at the time Plaintiff files his complaint, "the clerk will require": (1) the original of all proposed orders, certificates of service, and returns of service; and (2) the original and two copies of all pleadings, motions, and other papers. Id. 5-1(b)(1), (3).

[6] District Judge Dee Benson granted in part and denied in part Plaintiff's motion for service of process at Dkt. No. 3. (Dkt. No. 16 at 3.) He ordered "that remaining Defendants . . . be served with process as to the remaining claims, once the Complaint is appropriately amended." (Id.)