IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID WEBB, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY SCOTT, et al., <br><br> Defendants. | MEMORANDUM DECISION <br><br> Case No. 1:11-cv-00128-DB-DBP <br><br> District Judge Dee Benson <br><br> Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

This civil rights matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  Pro se Plaintiff is David Webb.  The Court splits relevant Defendants into two groups.  The Ogden City Defendants are the following: (1) Timothy Scott, a police officer with the Ogden City Police Department; (2) K. Murray, a police officer with the Ogden City Police Department; and (3) Jon J. Greiner, Chief of Police for the Ogden City Police Department.  The Weber County Defendants are the following: (1) Terry L. Thompson, the Weber County Sheriff; (2) Kevin McCleod, the Weber County Undersheriff; (3) Kevin Burton, the Corrections Division Chief Deputy for Weber County Correctional Facility; (4) R. West, a Sergeant at Weber County Correctional Facility; (5) R. Johnson, a Sergeant at Weber County Correctional Facility; and (6) A. Flatt, a correctional officer at Weber County Correctional Facility.

The Court now considers the Weber County Defendants' motion for joinder (Docket No. 73) as well as their motion to strike a memorandum Plaintiff filed (Dkt. No. 79). For the reasons below, the Court **GRANTS** both motions.

## II.     MOTION FOR JOINDER

On November 22, 2013, Plaintiff filed a document entitled "FRCP Authorizes Plaintiff's Motions to Hold Both Ogden City & Weber County Defendants Liable for Non-preservation of Relevant Discovery." (Dkt. No. 66.) On December 6, 2013, the Ogden City Defendants filed their opposition to Plaintiff's document. (Dkt. No. 72.) On December 9, 2013, the Weber County Defendants filed the present motion for joinder in the Ogden City Defendants' opposition. (Dkt. No. 73.)

Neither Plaintiff nor the Ogden City Defendants responded to the motion for joinder, and the time to do so has expired. *See* DUCivR 7-1(b)(3)(B); *id.* 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice."). Given the lack of opposition, the Court **GRANTS** the Weber County Defendants' motion for joinder. (Dkt. No. 73.)

## III.     MOTION TO STRIKE

On November 27, 2013, Plaintiff filed a memorandum to support the following motions: (1) his motions to hold Defendants liable for not preserving discovery (Dkt. Nos. 41; 52; 55); and (2) his summary judgment motions (Dkt. Nos. 46; 48). (Dkt. No. 69.)[1] On December 30, 2013, the Weber County Defendants filed the present motion to strike Plaintiff's memorandum. (Dkt. No.

---

[1] Plaintiff titled his document "Memorandum of Points and Authorities Supporting Summary Judgment Motions & Affidavits – Docket No's: 41, 46, 48, 52, 54, 55, 60 . . . ." (Dkt. No. 69.)

79.) Plaintiff has not responded to the Weber County Defendants' motion, and the time to do so has expired.

The Weber County Defendants argue the Court should strike Plaintiff's memorandum because it fails to comply with DUCivR 7-1(a)(1)[2] where Plaintiff failed to submit the memorandum "as one document with any particular motion."  (Dkt. No. 79 at 2.)  The Weber County Defendants also claim that Plaintiff's memorandum "does not bring any new information before the Court."  (*Id.*)

The Court appreciates Plaintiff's pro se status.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (stating that courts must "liberally construe pro se filings . . . .").  Nevertheless, pro se parties must still "follow the same rules of procedure that govern other litigants."  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotation omitted).  To that end, the Court shares the Weber County Defendants' concerns about Plaintiff's failure to comply with DUCivR 7-1(a)(1).  Moreover, the Court agrees that Plaintiff's memorandum offers information available in Plaintiff's other filings with the Court.  For these reasons, the Court **GRANTS** the Weber County Defendants' motion to strike Plaintiff's memorandum at Docket No. 69.  (Dkt. No. 79.)[3]

### IV.  ORDERS

For the reasons stated above, the Court issues the following **ORDERS**:

The Court **GRANTS** the Weber County Defendants' motion for joinder.  (Dkt. No. 73.)

---

[2] DUCivR 7-1(a)(1) states that a "motion and any supporting memorandum must be contained in one document . . . ."  The rule further states that failure to comply with such requirements "may result in sanctions . . . ."  *Id.* 7-1(a)(1)(B).

[3] The Court urges Plaintiff to comply with the Federal Rules of Civil Procedure and the Court's Local Rules of Practice when he files future documents.  The Court especially points Plaintiff to Fed. R. Civ. P. 7 and DUCivR 7-1, which govern motions practice.  Plaintiff may access these rules at http://www.utd.uscourts.gov/documents/rulepage.html.  The Court also refers Plaintiff to the Pro Se Litigant Guide available from the list of forms at http://www.utd.uscourts.gov/documents/formpage.html.

The Court **GRANTS** the Weber County Defendants' motion to strike Plaintiff's memorandum at Docket No. 69. (Dkt. No. 79.)

Dated this 22nd day of January, 2014.　　　By the Court:

_____

Dustin B. Pead
United States Magistrate Judge