IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>         Plaintiff,<br><br>v.<br><br>TIMOTHY SCOTT, et al.,<br><br>         Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:11-cv-00128-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

I.      INTRODUCTION

This civil rights matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  (Docket No. 42.)  The matter is presently before the Court on two of Plaintiff's motions. First, Mr. Webb has filed a motion to reconsider dismissal of Defendants Officer Timothy Scott, Officer Murray, and Chief Jon J. Greiner. (Dkt. 246.) Second, Mr. Webb filed a motion requesting "clarification" from the Court regarding the effect on Docket Numbers 100 through 230 of the District Court's order adopting the October 2014 Report and Recommendation. (Dkt. 231 (adopting Dkt. 181).) For the reasons discussed below, the Court will deny both motions.

II.     ANALYSIS OF PLAINTIFF'S MOTION TO RECONSIDER

Mr. Webb requests the Court reconsider its decision based upon the events that occurred during Mr. Webb's arrest. (*Compare e.g.*, *id. and* Dkt. 199.). Motions to reconsider exist, if at all, at the fringes of the Federal Rules of Civil Procedure. *See Warren v. Am. Bankers Ins. of Fl.*, 507 F.3d 1239, 1243 (10th Cir. 2007) (stating that for twenty years, the Tenth Circuit has "admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature

known all too well as the 'motion to reconsider' or 'motion for reconsideration.'). Nonetheless, a court may reconsider a prior ruling based on "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Webb suggests no proper basis for the Court to reconsider its prior report and recommendation. Mr. Webb instead rehashes the same arguments has made throughout this litigation. The District Court recently rejected these arguments when it overruled Mr. Webb's objection[1] to this Court's Report and Recommendation (Dkt. 181.). Thus, Mr. Webb has not established sufficient cause for reconsideration.

### III.   ANALYSIS OF PLAINTIFF'S MOTION "SEEKING PROCEDURAL CLARIFICATION ON OUTSTANDING DOCKET NOS. 199–230 AFTER ENTRY OF DOCKET NO. 28.

Plaintiff filed another motion requesting from the Court an explanation of how the District Court's Order adopting the October 2014 Report and Recommendation (Dkt. 228 (adopting Dkt. 181)) affects the remaining outstanding motions included in the range of docket entries from 100 through 230. (Dkt. 231.) While the Court does not wish to obfuscate matters, it "must avoid becoming the plaintiff's advocate." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012). Accordingly, the Court cannot provide any advice to Mr. Webb regarding the outstanding motions. Such is not the Court's proper role. The Order speaks for itself. The Court also notes that this issue may be moot because, after Mr. Webb filed his motion, the Court entered a Docket Text Order addressing a number of motions in the stated range. (*See* Dkt. 232.)

### IV.   ORDERS

Based on the foregoing, the Court:

---

[1] The reference to an objection is somewhat under-inclusive. Plaintiff filed several objections and supplements to those objections. (*See* Dkt. 183, 199, 211, 212, 221, 227.)

**DENIES** Mr. Webb's motion to reconsider (Dkt. 246.), and

**DENIES** Mr. Webb's motion for "clarification," (Dkt. 231.).

IT IS SO ORDERED.

Dated this 8th day of May, 2015.   By the Court:

_____
Dustin B. Pead
United States Magistrate Judge