IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>   Plaintiff,<br><br>v.<br><br>TIMOTHY SCOTT, et al.,<br><br>   Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:11-cv-00128-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This civil rights matter was referred to the court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 42.) The matter is presently before the court on Mr. Webb's Motion to resolve delay. (ECF No. 267.) Before reaching that motion, however, the court briefly addresses Mr. Webb's affidavit of bias or prejudice. (ECF No. 259.) For the reasons discussed below, the court declines to recuse itself and finds the motion to resolve delay moot.

## II. ANALYSIS OF PLAINTIFF'S AFFIDAVIT OF BIAS OR PREJUDICE

Mr. Webb filed an affidavit alleging that the court is biased as the term is used in 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such

  affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U. S. C. § 144. Under the statute, once a timely and sufficient affidavit of bias or prejudice is filed the judge "must cease to act in the case and proceed to determine the legal sufficiency of the evidence." *Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir. 1978). The filing of the affidavit alone does not bring about a disqualification. *See United States v. Ritter*, 540 F.2d 459, 461–62 (10th Cir. 1976). Rather, an affidavit is only considered sufficient to support disqualification if the facts and reasons provided "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment," *Berger v. United States*, 255 U.S. 22, 24 (1921), or when a "reasonable man would conclude on the facts stated [in the affidavit] that the district judge had a special bias against the defendant." *United States v. Thompson,* 483 F.2d 527 (3d Cir. 1973); *see also* 28 U.S.C. § 144.

Plaintiff's affidavit is unable to satisfy the standard set forth in 28 U.S.C. 144. Other than referencing unfavorable judicial opinions issued by this court, Plaintiff fails to identify any personal bias or prejudice that this Court has against him. It is well established that an adverse ruling alone does not provide sufficient grounds for disqualification. *Mitchell v. Maynard*, 80 F.3d 1433, 1449 (10th Cir. 1996). And, while the Court takes allegations of its bias or prejudice very seriously, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Brody v. President & Fellows of Harvard College,* 664 F.3d 10, 12 (1st Cir. 1981), *cert denied,* 455 U.S. 1027(1982). Upon review, Plaintiff's affidavit fails to sufficiently state a claim of bias or prejudice. (ECF No. 259.)

### III. ANALYSIS OF PLAINTIFF'S MOTION TO RESOLVE DELAY.

Plaintiff's motion seeks to resolve alleged delays in this case and seven others Plaintiff filed in the District of Utah. The motion is, of course, only considered here as it pertains to this case.

The other cases must be addressed in their own individual contexts. Despite being titled a motion, the filing does not appear to seek any particular action by the court in this case. Instead, it appears to be a letter addressed to Chief Judge Nuffer requesting that the District of Utah change its procedures related to pro se cases. The only matters the court can see outstanding on the docket are the affidavit of bias or prejudice, which was addressed above, and setting of a pretrial schedule. The parties were instructed to contact the court to set a pretrial schedule after the District Court ruled on the objections to the report and recommendation disposing of the motions for summary judgment. (ECF No. 191.) The District Court ruled on those objections. (ECF No. 228.) No proposed schedule has been submitted. The court will thus enter a schedule as detailed below. Will all outstanding issues resolved, the motion to resolve delay is now moot.

## IV.   ORDERS

Based on the foregoing, the Court:

**ORDERS** that the following schedule will govern in this case:

Plaintiff's pretrial disclosures are due no later than close of business on April 20, 2016.

Defendants' pretrial disclosures are due no later than close of business on May 4, 2016.

A final pretrial conference will be held at 2:30 p.m. on July 13, 2016.

A five day jury trial shall commence at 8:30 a.m. on July 26, 2016.

**FINDS MOOT** Mr. Webb's motion to resolve delay. (Dkt. 267.)

IT IS SO ORDERED.

Dated this 18th day of March, 2016.          By the Court:

_____
Dustin B. Pead
United States Magistrate Judge