IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>      Plaintiff,<br><br>v.<br><br>TIMOTHY SCOTT, K. MURRAY, TERRY THOMPSON, KEVIN McLEOD, KEVIN BURTON, R. WEST, JOHNSON, R. GATES, A. FLATT, JON GREINER, and THREE JOHN DOES,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO CLAIMS REVERSED AGAINST THE OGDEN CITY DEFENDANTS AND AFFIRMED AGAINST THE WEBER COUNTY DEFENDANTS BY THE 10th CIRCUIT COURT OF APPEALS IN APPEAL NOS. 15-4-53 & 15-4078**<br><br>Case No. 1:11-cv-00128-DN-EJF<br><br>District Judge David Nuffer |

Plaintiff, David Webb, has filed a Motion to Claims Reversed [sic] Against the Ogden City Defendants and Affirmed Against the Weber County Defendants by the 10th Circuit Court of Appeals in Appeal Nos. 15-4-53 & 15-4078 ("Motion").[1]

Mr. Webb appears to argue that because the Tenth Circuit recently issued an opinion[2] affirming in part and reversing in part certain claims against Kevin Murray, this gives him the right to reargue previous claims which were resolved by summary judgment in favor of Defendants.[3] Thus, this appears to be a motion for reconsideration. A court may reconsider a prior ruling based on "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."[4]

---

[1] Docket no. 272, filed Mary 29, 2016.

[2] *Webb v. Scott*, No. 15-4078, 2016 WL 1105254 (10th Cir. Mar. 22, 2016).

[3] *See* Motion at 1. *See also* Report and Recommendation docket no. 181, filed October 14, 2014; Order Adopting Report and Recommendation, docket no. 228, filed March 18, 2015.

[4] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Webb's pro se status entitles his submissions to broad consideration. His submissions are read liberally and interpreted to raise the strongest arguments that they suggest. Nevertheless, Mr. Webb has failed to provide any proper basis on which to reconsider or change a previous ruling. Mr. Webb contends:

> Reconsideration is appropriate here under when (1) substantially different, new evidence has been introduced; [When the 10th Circuit REVERSED the Arrest as being Unconstitutional and the Prolonged Detention as being Unconstitutional this created New Evidence in this Case and allows Pro Se Plaintiff/Appellant Webb to have Reinstated the False Arrest and False Imprisonment Claims, which triggers 42 U.S.C. 2000d-7 {Title VI of the Civil Rights Act of 1964], and the Qualified Immunity afforded the Ogden City Defendants on all other Claims as Recipients of Federal Funding from the United States Department of Justice].[5]

Mr. Webb's argument is incorrect. The Tenth Circuit's decision did not create new evidence nor did the Tenth Circuit find that Mr. Webb's arrest by Officer Murray and his prolonged detention were unconstitutional. Rather, the Tenth Circuit reversed the district court's grant of summary judgment because it found that there were genuine issues of material fact on these claims.[6] Having reviewed all the arguments raised by Mr. Webb, and finding no merit to his claims, IT IS HEREBY ORDERED that Mr. Webb's Motion[7] is DENIED.

Dated July 11, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[5] Response to Ogden City Defendants Opposition Plaintiff's Motion to Claims Reversed Against the Ogden City Defendants and Affirmed Against the Weber County Defendants (Dkt. No. 272), docket no. 279, filed April 8, 2016.

[6] *Webb*, 2016 WL 1105254, *6.

[7] Docket no. 272.