IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>                Plaintiff,<br>v.<br><br>TIMOTHY SCOTT, K. MURRAY, TERRY THOMPSON, KEVIN McLEOD, KEVIN BURTON, R. WEST, JOHNSON, R. GATES, A. FLATT, JON GREINER, and THREE JOHN DOES,<br>                Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PRO SE PLAINTIFF WEBB'S MOTION FOR PLEADING SPECIAL MATTERS [FRCP RULE 9; LOCAL RULE DUCivR 9-1 & UTAH RULES OF CIVIL PROCEDURE RULE 9] AND REQUIRED JOINDER OF PARTY [FRCP RULE 19 & UTAH RULES OF CIVIL PROCEDURE RULE 19]**<br><br>Case No. 1:11-cv-00128-DN-EJF<br><br>District Judge David Nuffer |

Mr. Webb filed a motion entitled "Pro Se Plaintiff Webb's Motion for Pleading Special Matters [FRCP Rule 9; Local Rule DUCivR 9-1 & Utah Rules of Civil Procedure Rule 9] and Required Joinder of Party [FRCP Rule 19 & Utah Rules of Civil Procedure Rule 19]."[1] This appears to be a motion to amend or to file a supplemental pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure.[2] Mr. Webb has attached a new complaint which he seeks to have "consolidated" with the current complaint in this action. Mr. Webb seeks to add new parties, allegations, and claims via his "consolidated" action. Specifically, Mr. Webb's new complaint appears to be against his previous attorney that represented him for a short period of time in the current action. Mr. Webb alleges that in an objection to the Magistrate's R & R, his previous attorney incorrectly stated that Webb conceded several claims.[3] Mr. Webb contends that

---

[1] Docket no. 289, filed April 25, 2016.

[2] *Id.* at 1.

[3] *Id.* at 4.

this "has caused Pro Se Plaintiff Webb Irreparable Harm of Injury of Liability Damages he cannot ever Redress for Recovery."[4]

Rule 15(d) of the Federal Rules of Civil procedure "provides that a court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the date of the pleading sought to be supplemented. Motions to supplement are addressed to the sound discretion of the trial court."[5]

The claims set forth in the new complaint attached to Mr. Webb's Motion bear very little relationship to the claims in the original complaint and involve different parties and different circumstances.[6] The current matter is ripe and ready for trial. The proposed amendment would make the trial far more complicated and lengthy, and would delay considerably the disposition of this case, which is already five years old.

For these reasons, Mr. Webb's Motion[7] is DENIED. Mr. Webb is free to file a separate complaint addressing these new violations along with a separate motion to proceed in forma pauperis.

Dated July 11, 2016.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[4] *Id* at 2.

[5] *Gillihan v. Shillinger,* 872 F.2d 935, 941 (10th Cir.1989) *overruled on other grounds in Frazier v. Flores*, 628 F. App'x 614 (10th Cir. 2016).

[6] *See Smith v.Kitty,* 53 F. App'x 14, 16 (10th Cir.2002) (unpublished) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court. . . . ").

[7] Docket no. 289.