IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>                    Plaintiff,<br>v.<br><br>TIMOTHY SCOTT, K. MURRAY, TERRY THOMPSON, KEVIN McLEOD, KEVIN BURTON, R. WEST, JOHNSON, R. GATES, A. FLATT, JON GREINER, and THREE JOHN DOES,<br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PRO SE PLAINTIFF WEBB'S MOTION FOR RULE 54(B) CERTIFICATION AND MEMORANDUM IN SUPPORT.<br><br>Case No. 1:11-cv-00128-DN-EJF<br><br>District Judge David Nuffer |

Mr. Webb has moved for a Rule 54(b) final judgment certification as to his claims against Weber County Defendants that were dismissed during summary judgment.[1]

"The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available."[2] However, the standard for certification under Rule 54(b) is not easily met.

> [A] certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.[3]

---

[1] Pro Se Plaintiff Webb's Motion for Rule 54(b) Certification and Memorandum in Support ("Motion"), docket no. 313, filed May 17, 2016.

[2] O*klahoma Turnpike Auth. v. Bruner,* 259 F.3d 1236, 1241 (10th Cir.2001) (internal citations and quotation marks omitted).

[3] *Id.* at 1242 (internal citations omitted).

"[A] judgment is not final for purpose of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved."[4] Courts focus on two factors in determining separability: "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief."[5]

Mr. Webb argues that the claims that were dismissed were separate from the ones remaining, and therefore final judgment should be entered on the former.[6] The claims Mr. Webb initiated against Weber County Defendants included:

> (1) failure to report the Ogden City Defendants' alleged excessive force; (2) illegal search of Plaintiff's property; (3) illegal strip search; (4) violation of Plaintiff's Fifth Amendment right against self-incrimination; (5) detention without prompt judicial determination of probable cause; (6) civil rights conspiracy; (7) supervisory liability; and (8) state law claims. (Doc. No. 181 at 24 and *generally* Doc. No. 23). All of these claims were dismissed leaving only the illegal strip search claim against Defendants West, Johnson, and Flatt, and the prolonged detention claim against Defendants Thompson, West, Johnson, and Flatt. (Doc. No. 228).[7]

As Weber County Defendants correctly point out, "[t]he factual overlap between the dismissed claims and the remaining claims against Weber County Defendants is almost identical."[8] And "[t]he dismissed claims against Weber County Defendants chronologically overlap with the remaining claims against them, and so Rule 54(b) certification is not appropriate since there are still pending claims involving several of the same facts against Weber County Defendants."[9]

---

[4] *Id.* at 1243.

[5] *Id.* at 1242 (*quoting Moore's Federal Practice* 3d § 202.06[2]).

[6] Motion at 4.

[7] County Defendants' Memorandum in Opposition to Plaintiff's Motion for Rule 54(b) Certification at 4, docket no. 321, filed June 3, 2016.

[8] *Id.* at 5.

[9] *Id.*

Furthermore, there is just reason to delay review of Mr. Webb's dismissed claims. The current matter is ripe and ready for trial. An appeal would undermine judicial economy, delaying considerably the disposition of this case, which is already five years old. Also, Mr. Webb will be able to appeal these claims after there is final judgment after trial.

It is THEREFORE ORDERED that Mr. Webb's Motion[10] is DENIED.

Dated July 11, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[10] Docket no. 313.