HEATHER S. WHITE (7674)
DANI CEPERNICH (14051)
SNOW CHRISTENSEN & MARTINEAU
*Attorneys for Defendants Timothy Scott,*
*Kevin Murray and Jon Greiner*
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145
Telephone:  (801) 521-9000
Fax No.:  (801) 363-0400

---

### IN THE UNITED STATES DISTRICT COURT

### STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>    Plaintiff,<br><br>  vs.<br><br>TIMOTHY SCOTT, K. MURRAY, TERRY THOMPSON, KEVIN MCCLEOD, KEVIN BURTON, R. WEST, R. JOHNSON, R. GATES, A. FLATT, JON GREINER, and THREE JOHN DOES,<br><br>    Defendants. | **MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Civil No. 1:11CV00128<br><br>Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

---

### RELIEF REQUESTED

Defendant Officer Kevin Murray requests that the Court enforce the settlement

agreement entered on February 17, 2017.  That agreement was memorialized in a Release of All

Claims, signed by Plaintiff David Webb and his then-counsel Bob Keach.  The terms of the

agreement were placed on the record before Magistrate Judge Wells, after which Mr. Webb

expressly acknowledged that he agreed to the same.  Despite this, Mr. Webb has since filed a

notice of appeal and sent counsel his "opening brief," through which Mr. Webb apparently

intends to seek further review of the Court's summary judgment rulings and to set aside the settlement agreement.

## STATEMENT OF FACTS

1.      Mr. Webb, proceeding pro se, filed this action on May 15, 2013, asserting several claims, including claims under 42 U.S.C. § 1983 and state law claims, against various Ogden City and Weber County defendants.

2.      At the close of fact discovery, all parties filed motions for summary judgment.[1]

3.      On October 14, 2014, the Magistrate Judge issued a report and recommendation[2] recommending the Court: (1) deny Mr. Webb's motion; (2) grant the Ogden Defendants' motion in full; and (3) grant the Weber Defendants' motion with the exception of (a) the unlawful strip search claim against Deputy West, Sergeant Johnson, and Deputy Flatt and (b) the prolonged detention claim against Sheriff Thompson (supervisory liability), Deputy West, Sergeant Johnson, and Deputy Flatt.

4.      Mr. Webb and the Weber Defendants filed objections to the report and recommendation.[3]

5.      On March 18, 2015, the Court issued an order adopting the report and recommendation in full.[4]

6.      The Weber Defendants appealed the portion of the order denying qualified immunity on April 15, 2015.

---

[1] Dkt. Nos. 118, 130, and 161.
[2] Dkt. No. 181.
[3] Dkt. Nos. 183 and 184, respectively.
[4] Dkt. No. 228.

7.      The Ogden Defendants obtained Rule 54(b) certification for the portion of the order addressing their motion for summary judgment[5] to enable Mr. Webb to file an immediate appeal.  Mr. Webb did so on May 14, 2015.

8.      On appeal, the Tenth Circuit affirmed the grant of summary judgment to the Ogden Defendants on the following claims:  (a) unlawful traffic stop; (b) excessive force; (c) unlawful search of Mr. Webb's vehicle; (d) a failure to intervene by Lieutenant Timothy Scott; (e) supervisory liability of former Chief Jon Greiner; (f) conspiracy to violate Mr. Webb's constitutional rights; (g) state law claims for false arrest, false imprisonment, and intentional infliction of emotional distress; and (h) a violation of the Hatch Act by Chief Greiner.[6]  It reversed the grant of summary judgment on the unlawful arrest claim, holding there was an issue of fact as to whether Mr. Webb's license plate light bulb was functioning.[7]  It further reversed the grant of summary judgment on the prolonged detention claim, rejecting Officer Murray's argument based on *Wilson v. Montano*, 715 F.3d 847 (10th Cir. 2013) that he was not personally involved in the violation of Mr. Webb's constitutional rights because Utah law does not place the obligation of obtaining a probable cause determination on the arresting officer.[8]  Finally, the Tenth Circuit held that Mr. Webb had stated an unlawful strip search claim against Officer Murray and remanded that claim, which had not been addressed in the Court's ruling, for consideration.

---

[5] Dkt. No. 255.
[6] *Webb v. Scott*, 643 F. App'x 711 (10th Cir. 2016).
[7] *Id.* at 715-16.
[8] *Id.* at 717-18.

9.      On remand, a five-day jury trial was set for November 28, 2016.[9]  That date was continued to January 23, 2017, by the Court,[10] and then continued to February 6, 2017,[11] because of counsel conflicts with the January 23 date.

10.     In light of Mr. Webb's interest in the Magistrate Judge's recommendation of a mediation with the Court, the Ogden Defendants filed a motion for settlement conference on December 2, 2016.

11.     On December 29, 2016, after this exchange had occurred, the Magistrate Judge appointed Bob Keach as pro bono counsel to represent Mr. Webb in connection with the settlement conference,[12] which was ordered the following day.[13]

12.     The parties participated in a settlement conference with Magistrate Judge Wells on February 17, 2017.

13.     The settlement conference was successful and resulted in a settlement between Mr. Webb and Officer Murray and Mr. Webb and the Weber County Defendants.

14.     At the conclusion of the settlement conference, Mr. Webb and his then-counsel signed a Release of All Claims, attached as Exhibit A.[14]

15.     The parties then placed the terms of the agreement on the record before Magistrate Judge Wells, and Mr. Webb expressly acknowledged that he agreed to the same.[15]

---

[9] Dkt. No. 334.
[10] Dkt. No. 355.
[11] Dkt. No. 364.
[12] Dkt. No. 371.
[13] Dkt. No. 372.
[14] The Release has been redacted to omit the settlement amount.
[15] Dkt. No. 377.

16.     On February 18, Mr. Webb sent counsel for Officer Murray two emails, one with a notice of appeal attached and the other with an "opening brief" attached.  The emails, with attachments, are attached as Exhibit B.

17.     On February 23, Mr. Webb sent counsel and the Court an email terminating representation by his appointed counsel, Bob Keach, and directing the Clerk of the Court to file his notice of appeal.[16]

18.     On March 2, Mr. Webb's notice of appeal, which had been sent to the Tenth Circuit, was entered on the docket.[17]

19.     The notice of appeal indicates Mr. Webb is appealing the Court's March 18, 2015, Order Adopting the Report and Recommendation.[18]

20.     In Mr. Webb's "opening brief," filed along with his notice of appeal, Mr. Webb states:

> Pro Se Plaintiff Webb contends that "Settlement agreements are governed by the rules applied to general contract actions."  Under Utah Law, to invalidate or set aside a Settlement Agreement, there must be "illegality, fraud, duress, undue influence, or mistake."  The Settlement Agreement reached on Friday, 17 February 2017, was predicated on Intrinsic & Extrinsic Fraud by the Ogden City and Weber County Defendants in their Answers to the Verified Complaint then subsequently in their Motions for Summary Judgment and there cannot be a meeting of the minds to have a Settlement Agreement in binding contract to it is legally invalidated under Utah law.  Three (3) additional elements of invalidating a Settlement Agreement consisting of illegality, duress, and undue influence will be detailed below.[19]

21.     In light of Mr. Webb's filings, which appear designed to set aside the settlement agreement, Officer Murray has not yet issued the settlement funds to Mr. Webb.

---

[16] Dkt. No. 378.
[17] Dkt. No. 380.
[18] *Id.* at 1.
[19] *Id.* at 3 (formatting and capitalization standardized).

# ARGUMENT

## I.   THE COURT SHOULD ENFORCE THE SETTLEMENT AGREEMENT ENTERED ON FEBRUARY 17, 2017.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while litigation is pending before it."[20]  "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law."[21] Under Utah law, courts will enforce settlement agreements "if the record establishes a binding agreement and the excuse for nonperformance is comparatively unsubstantial."[22]

It is indisputable that a binding agreement exists between Mr. Webb and Officer Murray, the only remaining Ogden Defendant.  At the conclusion of the settlement conference, Mr. Webb and his then-counsel signed the Release (Ex. A).  The settlement was then placed on the record before Judge Wells, with Mr. Webb explicitly agreeing to the settlement terms as stated on the record.[23]

To the extent Mr. Webb believes the settlement agreement is unenforceable because it was procured through or based on fraud, there is simply no basis for this argument.  It appears Mr. Webb's argument is based on a contention he has repeated throughout this case—that 42 U.S.C. § 2000d-7 abrogates qualified immunity and immunity under Utah's Governmental Immunity Act.  Section 2000d-7 does no such thing.  It is very limited.  It provides that a "*State shall not be immune under the Eleventh Amendment of the Constitution of the United States* from suit in Federal court for a violation of" civil rights laws enacted pursuant to the Spending

---

[20] *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir.1993).
[21]    *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir.2004).
[22] *Zions First Nat'l Bank v. Barbara Jensen Interiors, Inc.*, 781 P.2d 478, 479 (Utah Ct.App.1989) (quotation omitted).
[23] Dkt. No. 377.

Clause.[24]  It has no applicability here, as this case involves claims under 42 U.S.C. § 1983—not one of the covered laws—against local government entities and individual officers, and state law tort claims.  And, there is no other basis for Mr. Webb to argue that the settlement agreement was procured through or based on fraud.   That agreement resulted from a settlement conference conducted by Magistrate Judge Wells, during which Mr. Webb was represented by appointed counsel.

The Court should enforce the February 17, 2017, settlement agreement.  Officer Murray requests that in doing so, the Court direct Mr. Webb that litigation on the claims he asserted against the Ogden Defendants is concluded, and that any additional filings, which should be limited given the claims have been resolved, must comply with Court's order regarding filing restrictions.[25]

## II.  MR. WEBB SHOULD BE SANCTIONED FOR TREATING THE SETTLEMENT AGREEMENT AS INEFFECTIVE.

A district court has the "ability to fashion an appropriate sanction for conduct which abuses the judicial process."[26]  "[T]he authority of a court to impose attorney-fee sanctions upon a party for bad-faith misconduct depends on how the parties conduct themselves during the litigation.  [T]he party, by controlling his conduct in litigation, has the power to determine whether sanctions will be assessed.'"[27]

---

[24] 42 U.S.C. § 2000d-7.

[25] Dkt. No. 329.

[26] *Farmer v. Banco Popular of North America*, 791 F.3d 1246, 1255 (10th Cir. 2015) (internal quotation marks omitted).

[27] *Id.* (internal quotation marks omitted).

7

Despite signing the Release and affirming his consent to the settlement agreement on the record before Magistrate Judge Wells, Mr. Webb has filed a notice of appeal and sent counsel his "opening brief," through which it appears Mr. Webb intends to seek review of the Court's summary judgment rulings and to set aside the settlement agreement. When Mr. Webb's appointed counsel attempted to contact Mr. Webb to identify the basis for his recent filings, Mr. Webb terminated the attorney-client relationship and told Mr. Keach he had no further reason to contact Mr. Webb.

Mr. Webb's post-settlement filings and conduct has caused Officer Murray to incur additional attorney's fees. Given the lack of any basis for Mr. Webb to continue to pursue his claims against Officer Murray, Mr. Webb should be ordered to pay Officer Murray's reasonable attorney's fees associated with Mr. Webb's post-settlement filings.[28] This amount should be deducted from the settlement amount, which has not yet been tendered to Mr. Webb.

## **CONCLUSION**

For the reasons set forth above, the Court should grant Officer Murray's Motion to Enforce the Settlement Agreement and order Mr. Webb to pay Officer Murray's attorney's fees associated with Mr. Webb's post-settlement filings, to be deducted from Mr. Webb's settlement amount. The Court should further direct Mr. Webb that litigation on the claims he asserted against the Ogden Defendants is concluded, and that any additional filings, which should be limited given the claims have been resolved, must comply with Court's order regarding filing restrictions.

---

[28] If the Court deems an award of fees is appropriate, Officer Murray will submit the documentation supporting his requested fees.

Dated this 9th day of March, 2017.

SNOW CHRISTENSEN & MARTINEAU

_____

Heather S. White
Dani Cepernich
Attorneys for Defendants Timothy Scott
Kevin Murray and Jon Greiner

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2017, I electronically filed the foregoing

**MOTION TO ENFORCE SETTLEMENT AGREEMENT** with the Clerk of the Court using

the CM/ECF System with the Clerk of the Court using the CM/ECF System, which served a true

and correct copy on the following:

        Frank D. Mylar
        MYLAR LAW, P.C.
        2494 Bengal Blvd.
        Salt Lake City, Utah 84121
        mylar-law@comcast.net
                *Attorneys for Weber County Defendants*

and via e-mail and U.S. Mail, postage prepaid, on the following:

        David Webb
        P.O. Box 13205
        Ogden, UT 84412-3205
                *Pro Se*

                    */s/ Annette Gamero*